UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY HINKSTON,                              Case No. 1:19-cv-71

       Plaintiff,                              Cole, J.
v.                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Jeffrey Hinkston filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED because it is supported by substantial evidence in the administrative record.

    **I.**    **Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) on May 19, 2015, claiming disability as of April 18, 2015. (Tr. 320-32). After Plaintiff's claims were denied, both initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ").  A hearing was held on January 10, 2018, in front of ALJ Christopher Tindale. (Tr. 14).  The ALJ heard testimony from Plaintiff and an impartial vocational expert, Teresa Trent. (Tr. 14).  On May 17, 2018, the ALJ issued a decision finding that from April 2015, the date of his motor vehicle accident, until July 2016, Plaintiff was disabled. After July 20, 2016, the ALJ denied Plaintiff's application finding that Plaintiff's condition had improved and he

was no longer disabled. Plaintiff now seeks judicial review of the denial of his application for disability and DIB and SSI.

Plaintiff was 49 years old at the time of the administrative hearing. (Tr. 165). He graduated from high school and had additional training in construction. In April 2015 he sustained seriously injured in an auto accident. He alleges disability due to fractures of both femurs, right ankle and hip, low back and leg pain, degenerative changes and obesity.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "status post fractures of the left and right femurs, right ankle, and hip; degenerative changes; and obesity." (Tr. 18, 20). The ALJ concluded, beginning on July 21, 2016, none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that beginning on July 21, 2016, Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> He can never climb ramps, stairs, ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, but never crawl. He must avoid all exposure to dangerous hazards such as unsupported heights, dangerous heavy machinery, and commercial driving. The claimant is limited to working on smooth, level ground so no erratically moving surfaces; no slippery surfaces; and no uneven terrain. He must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gasses, and poor ventilation.

(Tr. 21). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, limited education and work experience, and the RFC, the ALJ concluded that while Plaintiff is unable to perform past relevant work, he could

perform a significant number of unskilled jobs in the regional and national economy, including packager and sorter. (Tr. 24). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) improperly evaluating Plaintiff's medical impairments after July 20, 2016, (2) improperly weighing the opinion evidence; (3) improperly evaluating Plaintiff's credibility and (4) committing various vocational errors. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. § 1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir.2006); 20 C.F.R. § 416.920. However, a plaintiff bears the ultimate burden to prove by

4

sufficient evidence that he or she is entitled to disability or supplemental security benefits. *See* 20 C.F.R. § 404.1512(a).

### B. The ALJ's Decision is supported by Substantial Evidence

#### 1. *Impairments After July 20, 2016*

Plaintiff argues first that the ALJ improperly formulated Plaintiff's RFC and determined that Plaintiff was no longer disabled after July 20, 2016. Specifically, Plaintiff contends that the "very little in the medical treatment changed or improved after July 20, 2016 to allow Mr. Hinkston to sustain any work for 40 hours a week." (Doc. 9 at 4).

Medical Improvement is generally determined by comparing the prior and the current medical evidence, that is by "... changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1). Moreover, any medical improvement found to exist will relate to a claimant's ability to work only if there has been a decrease in the severity of the impairment and an increase in the claimant's functional capacity to work. 20 C.F.R. § 404.1594(b)(3). *Couch v. Comm'r of Soc. Sec.,* 1:11–CV–174, 2012 WL 930864 (S.D.Ohio Mar.19, 2012).

Under 42 U.S.C. § 423(f)(1), the Commissioner may not find a disabled person to be no longer under a "disability" unless such a finding is supported by "substantial evidence which demonstrates that (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work); and (B) the individual is now able to engage in substantial gainful activity." SSA regulations define "medical improvement" as "any decrease in the medical severity of your impairment(s) which was present at the

time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). It is the Commissioner's ultimate burden of proof to establish that the severity of a claimant's impairment has medically improved, and that the claimant is now able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1); *Kennedy v. Astrue,* 247 Fed. Appx. at 764–765.

As noted above, in April 2015, Plaintiff was injured in a motor vehicle accident and fractured his right and left femurs, his right fibula, and his left hip. (Tr. 19, 165, 167, 438-42). The ALJ found that Plaintiff met the requirements for Listing 1.02[1] and was disabled from April 18, 2015, the time of his accident, through July 20, 2016. (Tr. 18-19).

The record indicates that Plaintiff slowly progressed after his accident and by July 20, 2016, he a normal gait without the use of an assistive device. (Tr. 19, 21, 1311). Additionally, his pain was controlled and stable. (Tr. 21, 1310). Plaintiff's improved medical condition continued through August 2017. The medical records consistently show that he had a normal gait without an assistive device and had normal extremity examination findings. (Tr. 21, 1253, 1259, 1262, 1270, 1272, 1277, 1281, 1287, 1292, 1300, 1302, 1304, 1311). Plaintiff began complaining of right ankle pain in May 2017 and x-rays showed narrowing of the joint space consistent with post-

---

[1] Listing 1.02A mandates an award for:

*major dysfunction of a joint(s)*: characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint apace narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e. hip, knee or ankle, resulting in inability to ambulate effectively.

traumatic arthritis and painful hardware. (Tr. 1907, 2191). Plaintiff's attending physician at comprehensive pain specialists did not recommend injections or surgical intervention because the risks outweighed potential benefits. (Tr. 2195). Again, as noted above, Plaintiff had a normal gait and extremity findings upon examination. (Tr. 1253-1311). Further, as noted by the ALJ, Plaintiff had only mild reduction his range of motion, reported stable relief with pain medication and denied any side effects. (Tr. 1253-1311). Furthermore, he performed daily activities such as personal care, household chores, and shopping, albeit with assistance. (Tr. 21, 23, 169-70).

    *2.    Weight of Opinion Evidence*

Plaintiff argues that the ALJ improperly discounted the opinion of Ms. Bobst, Plaintiff's, nurse, and Mr. Sallada, a physical/occupational therapist. (Doc. 9 at 5-6). Plaintiff's argument lacks merit.

In February 2017, Mr. Sallada opined that Plaintiff's limitations were lifting greater than 10 pounds; standing and walking greater than 15-20 minutes, stairs, and some housekeeping. (Tr. 2181, 2183).

In March 2017, nurse Bobst opined that Plaintiff was unemployable due to claims he could not operate machinery because of opiate use. (Tr. 1189-90). The ALJ properly gave no weight to nurse Bobst's March 2017 opinion that Plaintiff was unemployable because it was a conclusion on an administrative finding that is reserved to the Commissioner. (Tr. 22). See 20 C.F.R. § 404.1527(d)(1)("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). In October 2017, nurse Bobst opined that Plaintiff met listing 1.02A; he could never lift any weight; he could never stoop, crouch/squat, climb ladders

7

or stairs and could rarely twist; he could never reach overhead; he would be off task 25 percent or more of the workday; and he would be absent from work 4 days a month. (Tr. 2172-78).

The ALJ assigned partial weight to the findings nurse Bobst. The ALJ noted, this opinion is consistent with the evidence prior to July 2016, when the ALJ also found that Plaintiff was disabled. (Tr. 22). However, after July 20, 2016, the ALJ determined that nurse Bobst's opinion is inconsistent with and unsupported by the record. (Tr. 1253-1311). The ALJ assigned little weight to Mr. Sallada opinion finding that it was inconsistent with the medical evidence of record.

Pursuant to Agency regulations, a medical opinion is entitled to controlling weight if it is from a treating source and is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Walters*, 127 F.3d at 530. The Sixth Circuit has held that treating physicians' opinions "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3rd 284, 287 (6th Cir. 1994) (citation omitted). In determining the weight of medical source opinions not entitled to controlling weight, an ALJ will evaluate the following factors: the length, nature, and extent of treatment relationship; evidence in support of the opinion; consistency with the record as a whole; and the physician's specialization. 20 C.F.R. § 404.1527(c); *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).

The ALJ's written decision, however, need not discuss or explain the reasoning regarding each of the factors in 20 C.F.R. § 404.1527(c). See *Francis v. Comm'r of Soc.*

*Sec.*, 414 F. App'x 802, 804-05 (6th Cir. 2011) (ALJ's decision need not include a "factor-by-factor" analysis); *Prince v. Astrue,* No. 10-8, 2011 WL 1124989 (S.D. Ohio Jan. 11, 2011) ("there is no requirement . . . that an ALJ 'expressly' consider each of the factors [in 20 C.F.R. § 404.1527(c)(2)] within the written decision"). Instead, effectively, the ALJ need only minimally articulate a good reason(s) for the weight given to a treating source's opinion. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

Here, the ALJ reasonably weighed the opinions of nurse Bobst and Mr. Salada. After July 20, 2016, the ALJ determined that nurse Bobst's opinion is inconsistent with and unsupported by the record that reveals that Plaintiff had a normal gait without the use of an assistive device, normal motor strength and tone, and stable relief with pain medications without side effects. (Tr. 1253-1311). 20 C.F.R. § 404.1527(c)(3) (Supportability. The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."); see also 20 C.F.R. § 404.1527(c)(4)("Consistency. Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

With respect to Mr. Salada, the ALJ determined that this opinion also appeared to be a recitation of Plaintiff's subjective complaints rather than medical findings. (Tr. 22). Such rational comports with Agency regulations and controlling law. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("Dr. Sonke's conclusion regarding the amount of weight that Warner could lift regularly appears to be based not upon his own medical conclusion, but upon . . . Warner's own assessment of his weight lifting limitations."); see *Sims v. Comm'r of Soc. Sec.*, No. 09–5773, 2011 WL 180789,

9

at *3 (6th Cir. Jan.19, 2011) ("The ALJ correctly noted that Dr. Spencer's conclusory opinion about plaintiff's ability to work was based largely on plaintiff's subjective complaints and was not supported by other medical evidence in the record.").

Although Plaintiff may disagree with the ALJ's decision, she has not shown that it was outside the ALJ's permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts." *Blakley*, 581 F.3d at 406. Even if a reviewing court would resolve the factual issues differently, when supported by substantial evidence, the Commissioner's decision must stand. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Indeed, the Sixth Circuit upholds an ALJ's decision even where substantial evidence both contradicts and supports the decision. *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993). For these reasons, the ALJ's decision is substantially supported in this regard and should not be disturbed.

3. Credibility

Plaintiff also claims that the ALJ's credibility finding is not substantially supported. In this regard, Plaintiff asserts that the ALJ's credibility assessment improperly considered Plaintiff's daily activities and improperly considered Plaintiff's chronic pain.

The ALJ's assessment, formerly referred to as the "credibility" determination in SSR 96-7p, was clarified in SSR 16-3p to remove the word "credibility" and refocus the ALJ's attention on the "extent to which the symptoms can reasonably be accepted as <u>consistent</u> with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304 at *2 (October 25, 2017) (emphasis added). The new ruling emphasizes that "our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court

litigation." *See id.* at *11. Under SSR 16-3p, an ALJ is to consider all of the evidence in the record in order to evaluate the limiting effects of a plaintiff's symptoms, including the following factors:

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, 2017 WL 5180304, at *7–8; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c) and former SSR 96–7p.

Despite clarifying the basis for the analysis of subjective complaints and corresponding elimination of the term "credibility" from the text in order to avoid "character analysis," SSR 16-3p was not intended to substantially change existing law. *See Banks v. Com'r of Soc. Sec.*, Case No. 2:18-cv-38, 2018 WL 6060449 at *5 (S.D. Ohio Nov. 20, 2018) (quoting explicit language in SSR 16-3p stating intention to "clarify" and not to substantially "change" existing SSR 96-7p), adopted at 2019 WL 187914 (S.D. Ohio Jan. 14, 2019). Thus, it remains the province of the ALJ and not the reviewing court, to assess the consistency of subjective complaints about the impact of

11

a claimant's symptoms with the record as a whole. *See generally Rogers v. Com'r*, 486 F.3d 234, 247 (6th Cir. 2007).

As stated, the primary distinction between SSR 16-3p and the former SSR 96-7p is the elimination of the word "credibility" and clarifying that the focus of the ALJ's evaluation should be on the "consistency" of subjective complaints with the record as a whole. The elimination of the word "credibility" from SSR 16-3p is semantically awkward in applying prior case law, insofar as virtually all of the case law interpreting the former SSR 96-7p uses the catchphrase "credibility determination." Nevertheless, the essence of the regulatory framework remains unchanged. Therefore, courts agree that the prior case law remains fully applicable to the renamed "consistency determination" under SSR 16-3p, with few exceptions. *See Duty v. Com'r of Soc. Sec.*, 2018 WL 4442595 at *6 (S.D. Ohio Sept. 18, 2018) ("existing case law controls to the extent it is consistent with the clarification of the rules embodied in SSR 16-3p's clarification.").

Turning to that case law, it is clear that a reversal of the Commissioner's decision based upon error in a credibility/consistency determination requires a particularly strong showing by a plaintiff. Like the ultimate non-disability determination, the assessment of subjective complaints must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Com'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility/consistency determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are inconsistencies and

12

contradictions among the medical records, his testimony, and other evidence. *Warner v. Com'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).

Here, the record provides ample support for the ALJ's finding that the Plaintiff's complaints of debilitating pain were not consistent with the record. (Tr. 63-72). *See Walters*, 127 F.3d at 532 ("The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis."). Notably, the medical evidence showed that he had a normal gait without an assistive device and had normal extremity examination findings. (Tr. 21, 1253, 1259, 1262, 1270, 1272, 1277, 1281, 1287, 1292, 1300, 1302, 1304, 1311). He also had only mild reduction his range of motion and reported stable relief with pain medication without any side effects. (Tr. 1253-1311). 20 C.F.R. § 404.1529(c)(3)(iv)("The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate you pain or other symptoms").

Besides objective findings and medication, the ALJ properly considered the level and type of treatment that Plaintiff sought and obtained in determining whether he was disabled. (Tr. 15-26). 20 C.F.R. § 404.1529(c). Indeed, the regulations provide that one of the factors relevant to a claimant's symptoms is treatment, other than medication, the claimant receives or has received for relief of his symptoms. 20 C.F.R. § 404.1529(c)(3)(v). The ALJ observed that Plaintiff received physical therapy. (Tr. 21). Plaintiff had regular access to treatment, which showed he was doing better overall with a normal gait and extremity examination findings. (Tr. 1253-1311). And although he complained of ankle pain, his doctors did not recommend injections or interventional

13

measures. (Tr. 22, 2195). Thus, the ALJ reasonably noted his conservative treatment after July 20, 2016 did not warrant a more restrictive finding. (Tr. 23).

The ALJ also properly considered Plaintiff's daily activities. The ALJ noted that Plaintiff performed daily activities such as personal care, household chores, and shopping. (Tr. 23). The ALJ also discussed Plaintiff's testimony that he had difficulty lifting a gallon of milk, had difficulty sitting, and received assistance from his girlfriend with household chores and cooking. (Tr. 21, 169-70). While Plaintiff may not have engaged vigorously in his activities, such endeavors are not indicative of an individual incapable of performing any type of work. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 173 (6th Cir. 2016) ("The ALJ contrasted Sorrell's ability to do daily activities with her reports of pain—noting that Sorrell is "able to prepare simple meals, perform various household duties with breaks, handle personal care, drive, and shop"); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability).

Accordingly, the ALJ's decision is substantially supported in this regard.

*4. Alleged Vocational Errors*

Last, Plaintiff contends that this case should be remanded because the ALJ did not ask the vocational expert the extent of erosion on the occupational base if he needed to use a cane while standing. (Doc. 9. at 15-16).

The Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir.2001) (emphasis added); *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir.1993). Here, the ALJ's hypothetical question was supported by the

medical record and other evidence, and Plaintiff has not shown that he had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding.

Notably, the ALJ asked the vocational expert if there would be any changes if an individual such as Plaintiff needed a cane to ambulate. (Tr. 194). All of the jobs identified were sedentary jobs to be performed while sitting most of the day. (Tr. 194). Significantly, during the hearing, Plaintiff had no issue with the cane limitation and did not ask the vocational expert questions or attempt to make a distinction between standing and walking with a cane. (Tr. 194-96).

Furthermore, as noted by the ALJ, the ALJ acted reasonably to the extent he did not include the need for a cane in the hypothetical question and ultimate residual functional capacity finding. (Tr. 21). If a cane is not a necessary device, it cannot be considered a limitation on a claimant's ability to work. *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). Social Security Ruling (SSR) 96-9p instructs as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a handheld assistive device to aid in walking or standing and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

1996 WL 374185, at *7 (July 2, 1996). Here, although Plaintiff testified that he used a cane after July 20, 2016, he did not have a prescription for a cane identifying the circumstances for which it was needed. "Where there is conflicting evidence concerning the need for a cane, it is the ALJ's task and not the Court's, to resolve conflicts in the evidence." *Bowen v. Comm'r of Soc. Sec.*, No. 17- 17, 2018 WL 328964, at *3 (S.D. Oh. Jan. 9, 2018) (internal quotation marks and citation omitted). Moreover, the medical

15

records consistently show that Plaintiff had a normal gait without the use of an assistive device. He also had normal extremity examination findings on several occasions. (Tr. 21, 1253, 1259, 1262, 1270, 1272, 1277, 1281, 1287, 1292, 1300, 1302, 1304, 1311).

In sum, the ALJ posed a complete hypothetical question to the VE–asking him to consider an individual with Plaintiff's age, education, work experience, and RFC–and reasonably accepted the VE's testimony that the hypothetical individual described could perform work that exists in significant numbers in the national economy. This testimony provides substantial evidence to support the ALJ's finding that Plaintiff is not disabled. *See Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir.1994) (where hypothetical accurately described the plaintiff in all relevant respects, the VE's response to the hypothetical question constitutes substantial evidence). Accordingly, the ALJ's step-five determination is supported by substantial evidence and should not be disturbed.

### III. Conclusion

For the reasons explained herein, **IT IS HEREIN RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case is **CLOSED**.

                                                    *s/ Stephanie K. Bowman*
                                                    Stephanie K. Bowman
                                                    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JEFFREY HINKSTON, | Case No. 1:19-cv-71 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).