UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY O. HINKSTON,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 1:19-cv-71
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's March 6, 2020, Report and Recommendation ("R&R") (Doc. 17) recommending that this Court affirm the Commissioner of Social Security's decision and close the case. As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has made a de novo review of the record based on Hinkston's Objection to the R&R (Doc. 18). For the reasons more fully set forth below, the Court **OVERRULES** Hinkston's Objection (Doc. 18) and **ADOPTS** the Magistrate Judge's R&R (Doc. 17). Accordingly, the Court **AFFIRMS** the Defendant's decision.[1]

---

[1] In *Ramsey v. Commissioner of Social Security*, 973 F.3d 537 (6th Cir. 2020), the Sixth Circuit held that decisions issued by ALJs in the Social Security Administration before July 16, 2018, are subject to challenge under the Appointments Clause, and that such challenges do not require administrative exhaustion before presentation in the course of judicial review. Here, the ALJ issued his decision in May of 2018, and thus that decision ostensibly would be subject to challenge under *Ramsey*. But two problems. First, the Appeals Council of the Administration upheld the decision on December 11, 2018. The Appeals Council is comprised of ALJs, as well, and, as noted in *Ramsey*, "the Appeals Council's review is plenary, and the Appeals Council may conduct such a review *sua sponte* without a request from the claimant." *Id*. at 543. Thus, although the Appeals Council denied review, that decision, rather than the

# BACKGROUND

### A. The Social Security Administration Determined That Hinkston's Period Of Disability Ended On July 20, 2016.

This case arose as the result of the Social Security Administration denying Hinkston certain Social Security disability benefits. Hinkston originally sought, and received, such benefits largely as a result of injuries he sustained in a motor vehicle accident that occurred on April 18, 2015. The injuries from the accident were quite severe, including fractures to both femurs, as well as his right ankle and hip. He also

---

initial decision, may be what constitutes the "final decision" of the Administration, *see Smith v. Berryhill*, 139 S.Ct. 1765 (2019), and the Appeals Council was comprised of ALJs whose appointments were proper under the Appointments Clause. (The Social Security Administration reappointed all of its ALJs in a constitutionally sound fashion in July of 2018.)

Second, Hinkston never raised an Appointments Clause challenge in federal court. That matters because the Sixth Circuit has held, more than once, that "Appointments Clause challenges are 'not jurisdictional and thus are subject to ordinary principles of waiver and forfeiture.'" *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) (quoting *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 678 (6th Cir. 2018)). Those "ordinary principles of waiver and forfeiture," *see Jones Bros.*, 898 F.3d at 678, include the principle that issues not presented to the Magistrate Judge are deemed waived. *See, e.g., Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 4698318, at *4 (W.D. Tenn. Aug. 13, 2020) (citing *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quoting *Allen v. Int'l Truck & Engine Corp.*, No. 3:07-cv-361, 2009 WL 863591, at *1 (S.D. Ohio Mar. 31, 2009) ("'The failure to raise [an] argument before the Magistrate Judge constitutes [] waiver' of the argument.")))). That is because, as the Sixth Circuit has observed, the Magistrate Judge Act, 28 U.S.C. § 631, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate," *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), a position that the Sixth Circuit continues to endorse. *Maloney v. Robinson*, No. 20-3026, 2020 WL 3791945, at *4 (6th Cir. May 15, 2020) (citing *Murr*, 200 F.3d at 902 n.1) ("This claim is waived because it was not raised until his objections to the magistrate judge's first report and recommendations."). Similarly, a party forfeits review in the District Court of any issues not raised in his or her objections to the Magistrate Judge's R&R. *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2020 WL 5201081, at *3 (S.D. Ohio Sept. 1, 2020) (citing *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)) ("Even when timely objections are filed, appellate review of issues not raised in those objections is waived."). Bottom line, even if Hinkston had a viable Appointments Clause challenge, he waived it here twice—first, by failing to raise it with the Magistrate Judge (*see* Comp., Doc. 1, and Statement of Specific Errors, Doc. 9 (neither mentioning Appointments Clause)), and second by failing to raise it in his objections to the R&R, (*see* Doc. 18).

suffered lower back and leg pain, and had degenerative changes and obesity, which pre-dated the motor vehicle accident. Based upon the record and testimony at the hearing, the ALJ concluded that Hinkston was disabled from the date of the accident through July 20, 2016. According to the ALJ, though, the testimony and evidence also revealed that, as of that latter date, Hinkston's condition had improved to the point that he no longer qualified as disabled for Social Security purposes. And it is this latter decision, regarding Hinkston's alleged improvement, that Hinkston challenges in federal court.

The evidence elicited at the hearing showed that, as of July 20, 2016, Hinkston still had impairments, including "post fractures of the left and right femurs, right ankle, and hip; degenerative changes; and obesity." (R&R, Doc. 17, #2304 (quoting Admin. Tr.)). But those impairments, alone or in combination, the ALJ concluded, did not equal a listed impairment from 20 C.F.R. Part 404, Subp. P, Appendix 1. (*Id.*). And the ALJ separately found that, even with these impairments, Hinkston could perform sedentary work subject to certain limitations. Although the ALJ acknowledged that those limitations meant that Hinkston could not perform his past work, the ALJ concluded that there were "a significant number of unskilled jobs in the regional and national economy, including packager or sorter" that Hinkston could perform. (*Id.* at #2305 (citing Admin. Tr.)). Thus, Hinkston was not "disabled" for Social Security Act purposes. On December 11, 2018, the Appeals Council denied Hinkston's request for review of that decision. (Compl., Doc. 1, #1).

3

**B.     Hinkston Challenged The Social Security Administration's Denial In Federal Court, Where The Matter Was Assigned To A Magistrate Judge.**

On January 28, 2019, Hinkston filed a Complaint asking this Court to reverse the ALJ's decision. (*Id*.). The Court assigned the matter to a Magistrate Judge under Southern District of Ohio Civil Rule 72.2. *See also* Cincinnati Gen. Order No. 14-01 (referring appeals from decisions of the Commissioner of Social Security regarding Social Security benefits to Magistrate Judges).

On June 24, 2019, Hinkston filed his Statement of Specific Errors (Doc. 9), identifying his challenges to the ALJ's decision. Hinkston raised four such challenges. First, he claimed that the basis for the ALJ's finding of an improvement was that Hinkston's walking gait had improved to a normal gait. But in relying on this evidence, "the ALJ erred in failing to note the severity of the impairments and their effect on sustaining sedentary work for 40 hours a week." (Doc. 9, #2255). According to Hinkston, the evidence showed that "[v]ery little in the medical treatment changed or improved after" the July 20, 2016 date that the ALJ found was the endpoint for Hinkston's period of a qualifying disability. (*Id*.).

Second, Hinkston claimed that the ALJ failed to give appropriate weight to opinion testimony from two medical providers. This included Nurse Bobst, who was a treating nurse, and Mr. Sallada, a physical and occupational therapist. More specifically, Hinkston claims that the ALJ failed to give "good reasons" for discounting their testimony, which Hinkston claims that 20 CFR 404.1527 requires the ALJ to do. (*Id*. at #2257).

4

Third, Hinkston claims that the ALJ erred in discounting Hinkston's subjective complaints about pain after July 2016, based on the ALJ's determination that the objective evidence did not support the subjective complaints. This was wrong, Hinkston says, for two reasons. First, the lack of objective evidence, in and of itself, is not a basis for rejecting subjective evidence. (*Id.* at #2257–58). Second, here, Hinkston claims, the objective evidence *did* support his subjective complaints. (*Id.*).

Finally, Hinkston claimed the ALJ erred in determining that Hinkston could perform unskilled sedentary work. (*Id.* at #2259). In particular, according to Hinkston, the ALJ failed to inquire as to whether a person could perform such work while standing holding a cane. (*Id.* at #2260). That was error, Hinkston says, as the record shows that Hinkston needs such an assistive device to stand. (*Id.*).

On March 6, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision and close Hinkston's case. (Doc. 17). The Magistrate Judge noted that the inquiry before her was to "determine whether the ALJ's non-disability finding is supported by substantial evidence." (*Id.* at #2305). She concluded that it was. Thus, the Magistrate Judge recommended that each of Hinkston's four specific errors be overruled and that this Court affirm the Commissioner's decision. (*Id.* at #2318). On March 10, 2020, Hinkston filed timely objections. (*See* Doc. 18). Those objections are now before this Court.

## LAW AND ANALYSIS

### A. Standard Of Review.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

But that is not the only relevant standard of review here. In this case, the Magistrate Judge was reviewing a decision by an ALJ employed by the Social Security Administration. Judicial review of such decisions is quite constrained. In particular, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

Putting those two together, this Court's job is to review de novo whether the Magistrate Judge was correct, in the face of the specific objections that Hinkston made, in determining that the ALJ's decision applied the correct legal standards and was supported by substantial evidence. That is the task to which the Court turns now.

6

**B.     The Court Overrules Hinkston's Objections And Affirms The ALJ's Decision.**

In his Objection, Hinkston raises three alleged errors, each of which, he claims, requires the Court to reject the Magistrate Judge's R&R. First, Hinkston claims that the Magistrate Judge erred by concluding that Hinkston's condition had significantly improved by July 20, 2016. Second, and relatedly, Hinkston claims that the Magistrate Judge erred in not affording more weight to the testimony of two expert witnesses who provided evidence on Hinkston's behalf. Finally, Hinkston complains that the ALJ, and in turn the Magistrate Judge, erred in rejecting or discounting Hinkston's own subjective complaints about his disability. As this description suggests, these alleged errors basically repeat three of the four errors that Hinkston originally had pressed before the Magistrate Judge. But, as discussed below, none of the alleged errors provides a basis for rejecting the R&R.

**1.     Substantial Evidence Supports The ALJ's Determination That Hinkston Was No Longer Disabled After July 20, 2016.**

A "disability" is not necessarily permanent. That is, a person who qualified as "disabled" for Social Security Act purposes at one point may experience sufficient improvements to his or her condition that he or she no longer qualifies as "disabled" at some subsequent time. To make that finding, though, the ALJ must find that there is "substantial evidence" that "(A) there has been any medical improvement in the individual's impairment or combination of impairments," and "(B) the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). A medical improvement occurs if there is "any decrease in the medical severity of [an

7

individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [the individual] [was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1).

Here, substantial evidence supports the ALJ's finding that the severity of Hinkston's impairment decreased. After his automobile accident, he was originally unable to walk (as both of his femurs were fractured). Even while in rehabilitation, those injuries impacted his ability to walk, and he suffered continuing pain. By July 20, 2016, though, the medical record indicates that he had a "normal gait without the use of an assistive device." (R&R, Doc. 17, #2308 (citing Admin. Tr.)). Moreover, "his pain was controlled and stable," and he had "normal extremity examination findings." (*Id.* (citing Admin. Tr.)). The evidence that Hinkston could walk with a normal gait and had normal examination findings constitutes substantial evidence of a medical improvement.[2]

To be sure, as Hinkston notes in his Objection, there was also evidence that cuts the other way. (Doc. 18, #2321). For example, Hinkston continued to see pain doctors after that time. But that largely misses the point. The question is not whether there was *any* evidence, or even substantial evidence, that would have supported the ALJ arriving at a *different* result. Rather, the question is whether substantial evidence exists to support the conclusion that the ALJ in fact reached. Here, there is.

Thus, the Court finds that the Magistrate Judge was correct in determining that the ALJ's finding that Hinkston was no longer "disabled" after July 20, 2016, for

---

[2] Separately, the ALJ found that, given those improvements, there were various jobs that Hinkston could perform. In his Objection, Hinkston does not attack that finding.

8

Social Security purposes was supported by substantial evidence. Nor is it altogether surprising that the Magistrate Judge did not err in reaching that result. The question as to whether an individual's condition has "improved" is a largely factual determination, and, as described above, the Social Security ALJs have substantial leeway in making such determinations free from intrusive court oversight. Given the standard that applies, there was sufficient evidence upon which the ALJ properly could have reached the conclusion that he did here.

**2.    The R&R Does Not Err In Its Treatment Of Opinion Testimony**.

Hinkston next complains that the ALJ afforded insufficient weight to the opinion testimony of Nurse Bobst, who was Hinkston's nurse, and Mr. Sallada, a physical/occupational therapist who worked with Hinkston. Based on this, he claims that the Magistrate Judge erred in upholding the ALJ's decision.

It is not entirely clear whether Hinkston is mounting a factual challenge, a legal challenge, or both, to the ALJ's treatment of this testimony. He starts his objection by noting that there was evidence in the record that the ALJ could have credited as supporting these two witnesses' testimony, and that the ALJ was thus wrong not to credit them. (Doc. 18, #2322). That seems like a factual challenge to the ALJ's decision. But then Hinkston's factual challenge appears to also morph into a legal challenge. In particular, Hinkston claims that the ALJ failed to consider the factors set out at 20 CFR 404.1527 in assessing the testimony from these two witnesses, and that the ALJ also erred by failing to provide reasons for rejecting the limitations that the witnesses had identified, as 20 CFR 404.1527 requires.

9

Whether viewed as a factual or legal challenge, though, this objection fails. Start with the latter. As the Magistrate Judge noted, while the ALJ must consider the factors set forth in 20 CFR 404.1527, the ALJ's written decision need not discuss or explain the reasoning of each factor. (Doc. 17, #2310–11 (citing *Francis c. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804–05 (6th Cir. 2011)). Instead, the ALJ is merely required to "articulate a good reason(s) for the weight given to the treating source's opinion." (*Id.* at #2311 (citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). Here, as the R&R observed, the ALJ did. (*Id.*). In particular, the ALJ pointed to certain inconsistencies between the opinion evidence and the record facts. Again, the question is not whether this Court would have reached the same conclusion that the ALJ did, but rather only whether the ALJ has articulated "good reasons" for giving the testimony the weight he did. Here, that standard is met. As the Magistrate Judge correctly observed, Hinkston has not shown that the ALJ's decision was outside the permissible "zone of choice" in which ALJs operate without "interference by the courts." (*Id.* at #2312 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)).

### 3. The R&R Does Not Err In Its Treatment Of Hinkston's Subjective Evidence.

The final objection that Hinkston presses here relates to the weight the ALJ gave Hinkston's own subjective assessment of his pain and limitations. This objection fails, too.

The principal problem is that Hinkston is once again attacking the way in which the ALJ assessed the interplay among competing evidence. Hinkston testified

10

that he still suffered from pain, and that the pain prevented him from working. In assessing that testimony, the ALJ's job is to balance it against other evidence in the record, including factors such as "daily activities," or the "factors that precipitate and aggravate the symptoms," or the "type, dosage, effectiveness, and side effects" of pain medication, or various other factors. (R&R, Doc. 17, #2313 (citing SSR 16-3p)). Responsibility for performing this balancing test is generally assigned to the ALJs, not to reviewing courts. As the R&R correctly observes, "absent [a] compelling reason" courts are not to reassess such determinations. (*Id.* at #2314 (quoting *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). There is no such compelling reason here. The record contains substantial evidence upon which the ALJ could have concluded that Hinkston was able to perform sedentary work—he could walk with a normal gait and without assistive devices, he had normal extremity examination findings and only a mild reduction in his range of motion, and his pain was stable and controlled through medication. (*Id.* at #2315). Hinkston was also able to perform various daily activities. (*Id.*). To be sure, it appeared he needed assistance with some such activities, but how to balance that fact against the other record evidence was uniquely the province of the ALJ.

## CONCLUSION

Because the R&R correctly found that the ALJ's decision is supported by substantial evidence and followed the correct legal standards, the Court concludes that Hinkston's Objections (Doc. 18) are without merit. Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 17), **AFFIRMS** the

Commissioner's decision, and **DIRECTS** the Clerk to terminate the case and enter judgment accordingly.

    **SO ORDERED.**

September 2, 2021
**DATE**

    **DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**